IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEFAN BATCHELOR | : CIVIL ACTION |
| | : |
| v. | : NO. 24-1258 |
| | : |
| LIEUTENANT SPAGNOLETTI, SUPERINTENDENT J. TERRA, UNIT MANAGER S. GRADY, CAPTAIN YOUNG | : : : : |

# ORDER

AND NOW, this 17th day of April 2024, having granted the incarcerated Plaintiff leave to proceed without paying the filing fees (ECF No. 8), now screening the incarcerated Plaintiff's pro se Complaint (ECF No. 1) consistent with Congress's mandate, finding he pleads sufficient facts to proceed on his First Amendment and Eighth Amendment claims against an identified state actor for specifically plead conduct and state law assault and battery claims but otherwise does not plead a fact basis for his remaining claims, and for reasons in today's accompanying Memorandum, it is **ORDERED**:

1. We **dismiss**:

    a. **with prejudice** all claims against Defendants in their official capacities;

    b. **with prejudice** Plaintiff's Fourteenth Amendment substantive due process claim against Lieutenant Spagnoletti;

    c. **without prejudice** to filing an amended Complaint by **May 24, 2024** against Superintendent Terra, Unit Manager Grady, and Security Captain Young consistent with the Law and today's accompanying Memorandum for:

       i.     Eighth Amendment deliberate indifference claims against Superintendent Terra, Unit Manager Grady, and Security Captain Young in their individual capacities;

      ii.     Substantive due process claims against Superintendent Terra, Unit Manager Grady, and Security Captain Young in their individual capacities;

      iii.     State law civil conspiracy claims against Superintendent Terra, Unit Manager Grady, and Security Captain Young;

2.    We **grant** the incarcerated Plaintiff leave to file an amended Complaint against Superintendent Terra, Unit Manager Grady, and Security Captain Young consistent with the Law and the accompanying Memorandum by no later than **May 24, 2024** or we will dismiss these state actors;

3.    Plaintiff may proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) against Lieutenant Spagnoletti on his First Amendment retaliation claim, Eighth Amendment excessive force claim, and state law claims for assault and battery for spraying him with oleoresin capsicum;

4.    In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form").[1] The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

5.    To proceed with service, Plaintiff must complete a USM-285 Form for Lieutenant Spagnoletti and return the completed form to the Clerk's Office no later than **May 8, 2024**.

---

[1] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

Service cannot be made by the U.S. Marshal Service until Mr. Batchelor completes and returns this form.

    6.    In completing the USM-285 Form, Plaintiff:

    a.    Should complete a USM-285 Form for Lieutenant Spagnoletti. Only one Defendant's name should appear on the USM-285 Form.

    b.    Shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order, including but not limited to a Defendant who already has been dismissed from this case.

    c.    Should include as much identifying information as possible, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

    d.    Must provide the Defendant's complete address at a location where he can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Plaintiff's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g., Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (per curiam) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (per curiam) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e.    Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Plaintiff's claims against the Defendant.

7. Plaintiff is cautioned failure to return the completed USM-285 Form in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

8. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms Plaintiff returns in this case.

9. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Form.

KEARNEY, J.