IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEFAN BATCHELOR | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-1258 |
| | : | |
| LIEUTENANT SPAGNOLETTI, SUPERINTENDENT J. TERRA, UNIT MANAGER S. GRADY, CAPTAIN YOUNG | : : : : | |

# ORDER

**AND NOW**, this 27th day of June 2024, having granted the incarcerated Plaintiff leave to proceed without paying the filing fees (ECF No. 8), screening his pro se Complaint (ECF No. 1), and granting him leave to amend his complaint to plead claims dismissed without prejudice, now screening the incarcerated Plaintiff's pro se amended Complaint (ECF No. 16) consistent with Congress's mandate, finding he pleads sufficient facts to proceed on his First Amendment retaliation, Eighth Amendment excessive force, and common law assault and battery claims against Lieutenant Spagnoletti and Eighth Amendment claims against supervisor state actors for specifically plead conduct but otherwise does not plead a fact basis for his Fourteenth Amendment equal protection claim and state law civil conspiracy claim, finding a basis to continue to place this matter on our Volunteer Attorney Panel for another thirty days, and for reasons in today's accompanying Memorandum, it is **ORDERED**:

1. We **dismiss** equal protection and civil conspiracy claims against Lieutenant Spagnoletti, Superintendent Terra, Unit Manager Grady, and Security Captain Young in their individual capacities;

2. Plaintiff may proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) against

Lieutenant Spagnoletti for First Amendment retaliation, Eighth Amendment excessive force, and common law assault and battery and Eighth Amendment deliberate indifference claims against Superintendent Terra, Unit Manager Grady, and Security Captain Young in their individual capacities;

3. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order and accompanying Memorandum to Plaintiff together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form").[1] The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

4. To proceed with service, Plaintiff must complete a USM-285 Form for each of Lieutenant Spagnoletti, Superintendent Terra, Unit Manager Grady, and Security Captain Young and return the completed form for each state actor to the Clerk's Office no later than **July 19, 2024**. Service cannot be made by the U.S. Marshal Service until Plaintiff completes and returns this form mindful he:

   a. Should complete a USM-285 Form for each Defendant. Only one Defendant's name should appear on the USM-285 Form.

   b. Shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order, including but not limited to a Defendant who already has been dismissed from this case.

   c. Should include as much identifying information as possible, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

---

[1] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

    d. Must provide the Defendant's complete address at a location where he can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Plaintiff's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (per curiam) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (per curiam) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Plaintiff's claims against the Defendant.

  5. Plaintiff is cautioned failure to return a completed USM-285 Form in accordance with the above instructions for a named state actor may result in dismissal of the state actor for failure to prosecute without further notice from the Court.

  6. The Clerk of Court is **DIRECTED**:

    a. to docket USM-285 Forms upon return from Plaintiff;

    b. to not issue summonses at this time until further Order upon receipt of properly completed USM-285 Form(s);

    c. Retain our Referral of this potential representation (ECF No. 12) to our Court's Prisoner Civil Rights Panel for posting until **July 31, 2024** and forthwith **attach** or **link** today's accompanying Memorandum to the Prisoner Panel Case Summary.

_____
KEARNEY, J.